WK:JRS
F. #2019R00447

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER 914-888-7804 | Case No. 20-MC-0029<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Andrew J. O'Connell, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number 914-888-7804, with an unknown listed subscriber (the "TARGET CELL PHONE"), whose service provider is a subsidiary of T-Mobile U.S., Inc. ("T-Mobile"), a wireless telephone service provider located in Parsippany, New Jersey. The TARGET CELL PHONE is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," see 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act.

See 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. See 18 U.S.C. § 3123(b)(1).

3. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). I have been a Special Agent since 2015. I have been involved in the investigation of numerous cases involving robberies, narcotics and firearms offenses, as well as investigations involving information from cell phones and location tracking. I have received training on the technical capabilities of cellular phones and cellular service providers.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that Ivan Eli has violated Title 18, United States Code, Sections 1951(a) (Hobbs Act robbery conspiracy and Hobbs Act robbery) and 924(c) (use and carrying of a firearm in connection with a crime of violence). Eli was charged with these crimes in the Eastern District of New York on December 27, 2019 and is the subject of an arrest warrant issued on December 27, 2019. See Case No. 19-MJ-1204. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting

Eli, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).[1]

6.   The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a "district court of the United States (including a magistrate judge of such a court)" that has jurisdiction over the offense being investigated. 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

7.   On December 27, 2019, the Honorable Peggy Kuo, United States Magistrate Judge, signed a warrant commanding the arrest of Ivan Eli for violations of Title 18, United States Code, Sections 1951(a) (Hobbs Act robbery conspiracy and Hobbs Act robbery) and 924(c) (use and carrying of a firearm in connection with a crime of violence).

8.   Eli is currently on New York state parole. According to Eli's parole officer, Eli's current cell phone number is that of the TARGET CELL PHONE.

9.   Eli's parole officer also provided an address for Eli at a homeless shelter in Brooklyn, New York. Before attempting an arrest at that location, however, it is necessary to confirm Eli's whereabouts to avoid potentially missing him and alerting him to the outstanding arrest warrant.

---

[1] Through my training and experience, I have become aware of judicial decisions holding that courts may issue search warrants to allow for the collection of location data where there is probable cause to believe that such data "will aid in the apprehension of a defendant." In re Smartphone Geolocation Data Application, 977 F. Supp. 2d 129, 137 (E.D.N.Y. 2013).

3

10. In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

11. Based on my training and experience, I know that T-Mobile can collect E-911 Phase II data about the location of the TARGET CELL PHONE, including by initiating a signal to determine the location of the TARGET CELL PHONE on T-Mobile's network or with such other reference points as may be reasonably available.

12. Based on my training and experience, I know that T-Mobile can collect cell-site data about the TARGET CELL PHONE. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can

4

typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as T-Mobile typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

### AUTHORIZATION REQUEST

13. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

14. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the TARGET CELL PHONE, Ivan Eli, would seriously jeopardize the ongoing investigation, as such a disclosure would give Eli an opportunity to avoid arrest and to flee from prosecution. See 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. See 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as

5

defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. See 18 U.S.C. § 3103a(b)(2).

15. I further request that the Court direct T-Mobile to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-Mobile. I also request that the Court direct T-Mobile to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of the TARGET CELL PHONE on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

16. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the TARGET CELL PHONE outside of daytime hours.

17. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal

these documents because their premature disclosure may seriously jeopardize that investigation.

_____
ANDREW J. O'CONNELL
Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me this
3rd day of January, 2020

_____
THE HONORABLE STEVEN L. TISCIONE
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number 914-888-7804, with an unknown listed subscriber (the "TARGET CELL PHONE"), whose service provider is a subsidiary of T-Mobile U.S., Inc. ("T-Mobile"), a company located in Parsippany, New Jersey.

2. Records and information associated with the TARGET CELL PHONE that is within the possession, custody, or control of T-Mobile, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## **ATTACHMENT B**

Particular Things to be Seized

**I.      Information to be Disclosed by the Provider**

All information about the location of the TARGET CELL PHONE described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the TARGET CELL PHONE" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control T-Mobile, T-Mobile is required to disclose the Location Information to the government. In addition, T-Mobile must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of the TARGET CELL PHONE on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. See 18 U.S.C. § 3103a(b)(2).

## II.     Information to Be Seized by the Government

All information described above in Section I that will assist in arresting Ivan Eli, who was charged with violating Title 18, United States Code, Sections 1951(a) (Hobbs Act robbery conspiracy and Hobbs Act robbery) and 924(c) (use and carrying of a firearm in connection with a crime of violence) on or about March 2, 2019, is the subject of an arrest warrant issued on December 27, 2019, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.